

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2007

# Nguyen v. Huntingdon SCI Supt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5208

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nguyen v. Huntingdon SCI Supt" (2007). *2007 Decisions.* Paper 577.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/577

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5208

———————

PHU VAN NGUYEN,
<u>Appellant</u>
vs.

SUPERINTENDENT GRACE OF SCI HUNTINGDON;
THE DISTRICT ATTORNEY OF THE COUNTY OF BERKS COUNTY;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 05-cv-01241)
District Judge:  Honorable Edmund V. Ludwig

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2007
Before:  SLOVITER, WEIS and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: August 17, 2007)
———————

<u>OPINION</u>

———————

WEIS, <u>Circuit Judge</u>.

The issue in this case is whether defense counsel in a Pennsylvania burglary

prosecution provided ineffective assistance to appellant Phu Van Nguyen by not carrying

1

out a more aggressive cross-examination of a crucial identification witness, Ms. Kieu Lam.

Nguyen and a few accomplices invaded the Lam residence and robbed Ms. Lam of jewelry. A few weeks later, Ms. Lam saw a television news program depicting Nguyen and another man because they were wanted on suspicion of murder in a neighboring county. She notified the police that the other man pictured had participated in the robbery of her home. She did not identify Nguyen at that time. One year later, however, she again contacted the police and advised them that she believed that the second man in the television report was also one of those who had burglarized her home. She subsequently identified Nguyen from a photo line-up provided by police.

At the burglary trial, Ms. Lam identified Nguyen as one of the culprits. On cross-examination, defense counsel asked Ms. Lam if she had seen a picture of Nguyen a few weeks after the burglary and had failed to recognize him at that time. When the trial judge attempted to clarify the question for Ms. Lam, defense counsel advised the trial judge at sidebar that further inquiry might reveal that Ms. Lam saw the picture of Nguyen on the news program about the murder. Counsel stated his fear that pursuing Ms. Lam's failure to disclose that she had initially failed to identify the defendant on the television program would open the door to the prosecution to explore the details of the program to the detriment of the defendant. The trial judge indicated that the prosecution might be allowed to examine Ms. Lam about the television episode if further inquiry along those

2

lines took place.

Defense counsel then returned to the examination and asked Ms. Lam if more than a year had elapsed between the burglary and her statement to the police about the defendant's identity. She conceded that it had. She did not testify about the television news program. No further questions were directed to Ms. Lam.

On direct appeal to the Superior Court of Pennsylvania, Nguyen, with a new lawyer, raised the issue of ineffective assistance at trial. The Superior Court approved the sentence but remanded for a hearing on the ineffective assistance issue.

After a hearing in the Common Pleas Court, the trial judge concluded that the defendant had failed to show that counsel was ineffective. The Superior Court reviewed that ruling in detail and stated, "we do not attempt to second guess such judgment calls by trial counsel. . . . [In this case,] we cannot say that counsel's actions were without a reasonable basis."

We agree with the Superior Court that ineffectiveness of trial counsel is not determined by hindsight. When the lawyer is confronted with the choice between an aggressive cross-examination that could reveal damaging information about their client and a succinct one that establishes critical information without the danger of introducing other criminal conduct, the courts should defer to counsel's decision. See Strickland v. Washingotn, 466 U.S. 668, 689 (1984) (noting that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "a court must indulge a strong

3

presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). The trial judge here, who was intimately familiar with the circumstances, concluded that counsel had a reasonable basis for his actions.

Trial technique manuals are replete with instances where that "one last question" on cross-examination resulted in adverse results. We cannot fault the trial lawyer in this case for declining further questioning that might well have opened the door for the prosecution to explore the issue in detail.

We agree with the District Court that habeas corpus relief is not appropriate here.

Accordingly, the judgment of the District Court will be affirmed.